FILED
MAY 22 2017
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | No. 17-676 C |

## NOTICE OF DIRECTLY RELATED CASE

In accordance with RCFC 40.2, counsel for Yankee Atomic Electric Company ("Yankee Atomic") states that this newly filed case is directly related to *Yankee Atomic Elec. Co. v. United States*, No. 98-126C (Fed. Cl.) (Merow, S.J.); *Yankee Atomic Elec. Co. v. United States*, No. 07-876 (Fed. Cl.) (Merow, S.J.); and *Yankee Atomic Elec. Co. v. United States*, No. 13-584 (Fed. Cl.) (Merow, S.J.). Per RCFC 40.2(a)(1), all four of these cases involve the same parties and the same contract, pursuant to which the United States, acting through the Department of Energy ("DOE"), in return for payment of substantial fees by Yankee Atomic, is obligated to accept and permanently dispose of spent nuclear fuel and high-level nuclear waste (collectively, "SNF") generated by a commercial nuclear power plant owned and operated by Yankee Atomic.

The newly filed case is the fourth suit Yankee Atomic has filed against the United States seeking damages for DOE's continuing breach of its obligation to accept and permanently dispose of Yankee Atomic's SNF. *See Ind. Mich. Power Co. v. United States*, 422 F.3d 1369, 1376-78 (Fed. Cir. 2005) (hereinafter "*Indiana Michigan*") (holding that utilities should file successive partial breach actions to obtain damages incurred through the time of trial in each

successive suit). The first suit addressed damages incurred by Yankee Atomic as a result of DOE's breach through December 31, 2001 ("Phase I"); the second suit addressed damages for the period January 1, 2002 through December 31, 2008 ("Phase II"); and the third suit addressed Yankee Atomic's damages for the period January 1, 2009 through December 31, 2012 ("Phase III"). This fourth suit addresses Yankee Atomic's damages for the period January 1, 2013 through at least December 31, 2016 ("Phase IV").

### *Phase I Litigation—Damages Incurred through December 31, 2001*

Yankee Atomic first brought a lawsuit alleging material partial breach of DOE's obligation to implement and operate a program for the permanent disposal of Yankee Atomic's SNF in 1998. *Yankee Atomic Elec. Co. v. United States*, No. 98-126C (Fed. Cl.) (Merow, S.J.). Yankee Atomic's sister utilities, Connecticut Yankee Atomic Power Company (*Connecticut Yankee Atomic Power Co. v. United States*, No. 98-154C (Fed. Cl.) (Merow, S.J.)) and Maine Yankee Atomic Power Company (*Maine Yankee Atomic Power Co. v. United States*, No. 98-474C (Fed. Cl.) (Merow, S.J.)) also brought suit against DOE for breach of their SNF contracts, which impose similar obligations on the utilities and DOE as does the Yankee Atomic contract. The three Yankee cases were eventually consolidated for trial.

Breach of Yankee Atomic's contract by DOE was established by the Court, *Yankee Atomic Elec. Co. v. United States*, 42 Fed. Cl. 223, 236 (1998) (Merow, S.J.), and affirmed by the United States Court of Appeals for the Federal Circuit ("Federal Circuit"), *Maine Yankee Atomic Power Co. v. United States,* 225 F.3d 1336, 1342-43 (Fed. Cir. 2000) (hereinafter "*Maine Yankee*").

Subsequently, the Court conducted a seven-week trial on damages in July and August, 2004. On September 30, 2006, Judge Merow, in a 103-page decision, ruled in favor of Yankee

Atomic in the amount of $32,866,087.55 for activities taken to address or mitigate the impacts of DOE's failure to perform through December 31, 2001. *Yankee Atomic Elec. Co. v. United States*, 73 Fed. Cl. 249, 326 (2006) (Merow, S.J.).

Defendant United States appealed Judge Merow's decision to the Federal Circuit, and Yankee Atomic cross-appealed. On August 7, 2008, the Federal Circuit affirmed-in-part, reversed-in-part, and remanded the case to assess causation applying the SNF contractual acceptance rate specified by certain 1987 DOE documentation. *Yankee Atomic Elec. Co. v. United States*, 536 F.3d 1268 (Fed. Cir. 2008).

The Court conducted a five-day trial to address the remanded issues in August, 2009. On September 7, 2010, Judge Merow, in a 94-page decision, ruled in favor of Yankee Atomic in the amount of $21,246,912.55. *Yankee Atomic Power Co. v. United States*, 94 Fed. Cl. 678, 736 n. 67 (2010) (Merow, S.J.).

Defendant United States again appealed Judge Merow's decision to the Federal Circuit, and Yankee Atomic cross-appealed. On May 18, 2012, the Federal Circuit affirmed the trial court's $21,246,912.55 award, plus determined Yankee Atomic was owed an additional $17,021,742 for wet pool operation costs that the trial court had denied   *See Yankee Atomic Elec. Co. v. United States*, 679 F.3d 1354, 1363 (Fed. Cir. 2012). Defendant United States sought rehearing en banc, which was denied on September 5, 2012. Defendant United States issued payment to Yankee Atomic on January 30, 2013, in the amount of $38,268,654.55, thereby concluding the Phase I litigation.

### Phase II Litigation—Damages Incurred from January 1, 2002 through December 31, 2008

In accordance with the *Indiana Michigan* Court's instruction to bring separate actions for damages as they are incurred, on December 14, 2007, Yankee Atomic filed suit to recover

damages incurred in years subsequent to those addressed in Phase I. *Yankee Atomic Elec. Co. v. United States*, No. 07-876 (Fed. Cl.) (Merow, S.J.). Connecticut Yankee Atomic Power Company (*Connecticut Yankee Atomic Power Co. v. United States*, No. 07-875 (Fed. Cl.) (Merow, S.J.)) and Maine Yankee Atomic Power Company (*Maine Yankee Atomic Power Co. v. United States*, No. 07-877 (Fed. Cl.) (Merow, S.J.)) also brought Phase II suits against DOE, and as in Phase I, the three Yankee cases were eventually consolidated for trial.

Following an audit process and discovery, whereby the parties significantly reduced the issues in dispute, the Court conducted a three-day trial in October 2011 to address Yankee Atomic's damages for the period January 1, 2002 through December 31, 2008. On November 1, 2013, Judge Merow, in a 38-page decision, ruled in favor of Yankee Atomic in the amount of $73,307,529. *Yankee Atomic Elec. Co. v. United States*, 113 Fed. Cl. 323, 347 (2013) (Merow, S.J.). Defendant United States issued payment to Yankee Atomic on March 28, 2014, in the amount of $73,307,529, thereby concluding the Phase II litigation.

**Phase III Litigation—Damages Incurred from January 1, 2009 through December 31, 2012**

On August 16, 2013, Yankee Atomic filed suit to recover damages incurred in years subsequent to those addressed in Phase II. *Yankee Atomic Elec. Co. v. United States*, No. 13-584 (Fed. Cl.) (Merow, S.J.). Connecticut Yankee Atomic Power Company (*Connecticut Yankee Atomic Power Co. v. United States*, No. 13-586 (Fed. Cl.) (Merow, S.J.)) and Maine Yankee Atomic Power Company (*Maine Yankee Atomic Power Co. v. United States*, No. 13-585 (Fed. Cl.) (Merow, S.J.)) also brought Phase III suits against DOE, and as in the prior phases, the three Yankee cases were eventually consolidated for trial.

Following an audit process and discovery, whereby the parties again significantly reduced the issues in dispute, the Court conducted a two-day trial from June 30 through July 1,

2015 to address Yankee Atomic's damages for the period January 1, 2009 through December 31, 2012.  On March 25, 2016, Judge Merow, in a 25-page decision, ruled in favor of Yankee Atomic in the amount of $19,641,072.  *Yankee Atomic Elec. Co. v. United States*, 125 Fed. Cl. 641, 658 (2016) (Merow, S.J.) (hereinafter "*Yankee Atomic*").  Defendant United States issued payment to Yankee Atomic on October 14, 2016, in the amount of $19,641,072, thereby concluding the Phase III litigation.

**Phase IV Litigation—Damages Incurred from January 1, 2013 through December 31, 2016 (Or Some Other Date Prior to Trial)**

In the instant case, Yankee Atomic seeks to recover significant damages, incurred during the period starting January 1, 2013 and ending at some point prior to trial, caused by DOE's continuing material partial breach of its obligation to dispose of SNF generated by the commercial nuclear power plant owned and operated by Yankee Atomic.[1]

Dated:       May 22, 2017

                                          Respectfully submitted,

                                          /s/ Robert H. Stier, Jr.
                                          ROBERT H. STIER, JR.
                                          PIERCE ATWOOD LLP
                                          Merrill's Wharf
                                          254 Commercial Street
                                          Portland, ME  04101
                                          rstier@pierceatwood.com
                                          Telephone:  (207) 791-1100
                                          Facsimile:  (207) 791-1350

---

[1] In accordance with the *Indiana Michigan* Court's instruction to bring separate actions for damages as they are incurred, Maine Yankee and Connecticut Atomic also intend to initiate a fourth phase of litigation concerning their SNF contracts by filing complaints against the United States on or about the same date as Yankee Atomic.

OF COUNSEL:

LUCUS A. RITCHIE
lritchie@pierceatwood.com
PIERCE ATWOOD LLP

MICHAEL J. DERDERIAN
mderderian@pierceatwood.com
PIERCE ATWOOD LLP

*Attorneys for Plaintiff Yankee Atomic Electric Company*