IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY, ) ) ) ) ) Plaintiff, ) ) v. ) ) THE UNITED STATES, ) ) Defendant. ) | No. 17-676 C (Senior Judge Firestone) |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Admits the allegations contained in paragraph 1 to the extent supported by the referenced statute and contract, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 1.

2. Admits the allegation contained in paragraph 2 that the Department of Energy (DOE) has not yet begun the disposal of spent nuclear fuel and high-level radioactive waste (collectively, SNF) under the auspices of the Standard Contract; defendant further admits that Yankee Atomic Electric Company (Yankee Atomic) has made payments into the Nuclear Waste Fund. The remaining allegations contained in paragraph 2 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

3. Admits the allegations contained in paragraph 3 to the extent supported by the complaints cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 3.

4.      Admits the allegations contained in the first and second sentences of paragraph 4 to the extent supported by the complaints cited, which are the best evidence of their contents.  The allegation that the SNF contracts with plaintiff's sister utilities "impose similar obligations on the utilities as does the Yankee Atomic contract" is a conclusion of law to which no response is required.  To the extent it may be deemed an allegation of fact, it is denied; otherwise denies the allegations contained in the first and second sentences of paragraph 4.  Admits the allegations contained in the third sentence of paragraph 4.

5.      Admits the allegations contained in paragraph 5 to the extent supported by the decisions cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 5.

6.      Admits.

7.      Admits the allegations contained in paragraph 7 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8.      Admits the allegations in the first sentence of paragraph 8 that defendant appealed the Court's decision in *Yankee Atomic Elec. Co. v. United States,* 73 Fed. Cl. 249 (2006).  Admits the allegations in the second sentence of paragraph 8 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 8.

9.      Admits that the Court conducted a five-day trial in August 2009.

10. Admits the allegations contained in paragraph 10 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations.

11. Admits that the Government appealed the Court's decision in *Yankee Atomic Power Co. v. United States,* 94 Fed. Cl. 678 (2010). Admits the allegation contained in the second sentence of paragraph 11 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 11. Admits the allegations contained in the third sentence of paragraph 11.

12. Admit.

13. The allegations contained in paragraph 13 are plaintiffs' characterization of the case, to which no answer is required; admits to the extent supported by the complaints cited, which are the best evidence of their contents; admits that the phase II cases were eventually consolidated for trial; otherwise denies the allegations in paragraph 13.

14. The allegations contained in paragraph 14 are plaintiffs' characterization of the case which do not require a response. Admits that the Court conducted a three day trial; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admit.

17. The allegations contained in paragraph 17 are plaintiffs' characterization of the case, to which no answer is required; admits to the extent supported by the complaints cited,

which are the best evidence of their contents; admits that the phase III cases were eventually consolidated for trial; otherwise denies the allegations in paragraph 17.

18. The allegations contained in paragraph 18 are plaintiffs' characterization of the case which do not require a response. Admits that the Court conducted a two day trial; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20.

21. Admits.

22. Admits that DOE has not yet begun the disposal of spent nuclear fuel or high level radioactive waste under the Standard Contract published at 10 C.F.R. § 961.11. Admits that DOE has not provided a firm date for the commencement of disposal of SNF. Denies the remaining allegations contained in paragraph 22.

23. The allegations contained in paragraph 23 are plaintiff's characterization of the case which do not require a response; to the extent that they may be deemed allegations of fact, they are denied.

24. Denies the allegations contained in the first and fourth sentences of paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth. Admits

the allegations contained in the second and third sentences of paragraph 24.  The allegations contained in the fifth sentence of paragraph 24 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they are deemed allegations of fact, they are denied.

25. Admits.

26. The allegations contained in paragraph 26 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

27. Admits the allegations contained in paragraph 27 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28. Admits the allegations contained in paragraph 28 to the extent supported by the referenced statute, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 28.

29. Admits the allegations contained in paragraph 29 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30. Admits the allegations contained in paragraph 30 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31.     Admits the allegations contained in paragraph 31 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 31.

32.     Admits that Yankee Atomic has made payments into the Nuclear Waste Fund. Denies the allegation that Yankee Atomic "remains ready to deliver its SNF to DOE," for lack of knowledge or information sufficient to form a belief as to its truth. The remaining allegations contained in paragraph 32 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

33.     Admits that DOE has not yet begun the disposal of spent nuclear fuel or high-level radioactive waste under the Standard Contract published at 10 C.F.R. § 961.11. Admits that DOE has not yet provided a firm date for the commencement of disposal of spent nuclear fuel. The remaining allegations in paragraph 33 are plaintiff's characterization of this action to which no response is required; to the extent they are deemed allegations of facts, they are denied.

34.     Admits the allegations contained in paragraph 34 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 34.

35. Admits the allegations contained in the first sentence of paragraph 35 to the extent supported by the decision cited, which is the best evidence of its contents. The remaining allegations are plaintiff's characterization of its case to which no response is required; to the extent they are deemed allegations of fact, they are denied.

36. The allegations contained in paragraph 36 are conclusions of law and plaintiff's characterization of this action, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 37 are conclusions of law plaintiff's characterization of this action, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

38. Defendant's responses to paragraphs 1 through 37 are incorporated by reference.

39. The allegations contained in paragraph 39 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

40. Admits.

41. Admits the allegations contained in paragraph 41 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. The allegations contained in paragraph 42 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

43. The allegations contained in paragraph 43 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

44. The allegations contained in paragraph 44 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

45. Defendant's responses to paragraphs 1 through 44 are incorporated by reference.

46. The allegations contained in paragraph 46 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

47. The allegations contained in paragraph 47 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

48. The allegations contained in paragraph 48 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

49. The allegations contained in paragraph 49 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

50. The allegations contained in paragraph 50 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

51.     Denies that plaintiff is entitled to the relief set forth in the prayer for relief or for any relief whatsoever.

52.     Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant respectfully requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

July 21, 2017

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/ Lisa L. Donahue
LISA L. DONAHUE
Assistant Director

s/ Margaret J. Jantzen
MARGARET J. JANTZEN
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
Tel: (202) 353-7994
Margaret.j.jantzen@usdoj.gov

*Attorneys for Defendant*

## CERTIFICATE OF FILING

I hereby certify that on July 21, 2017, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Margaret Jantzen