# In the United States Court of Federal Claims
No. 17-676

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) |

### AGREEMENT AND PROTECTIVE ORDER

Discovery and other proceedings in this case and the other cases pending before the Court concerning the Standard Contract, 10 C.F.R. Part 961 (hereinafter referred to as the "spent nuclear fuel cases"), may require the parties to disclose confidential information (as defined herein) of the parties. Accordingly, it is hereby
**ORDERED BY THE COURT**:

1. The term "Confidential Material" shall refer to confidential, financial, trade secret, privileged, competitively-sensitive information, or records falling within the scope of the Privacy Act, 5 U.S.C. § 552a, disclosed in discovery or other proceedings in this case. Subject to the provisions of Paragraph 8 below, material shall be deemed Confidential Material when so designated in the manner described in Paragraph 2 below. After disclosure of any Confidential Material, all copies made of that material, and all notes made therefrom and all references made thereto, of any kind whatsoever, shall also constitute Confidential Material.

2. The designation of Confidential Material may be made by the disclosing party by placing or affixing on each page of documents disclosed the following or substantially similar language:

"PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDERS IN SPENT NUCLEAR FUEL LITIGATION."

3. Each person receiving Confidential Material shall maintain such Confidential Material in his or her possession in a manner sufficient to protect such material against unauthorized disclosure.

4. Confidential Material shall be used by the receiving party solely for the purpose of conducting litigation in the spent nuclear fuel cases pending in the United States Court of Federal Claims and not for any business or other purpose whatsoever, except as provided in this

agreement and protective order. Confidential Material shall be disclosed only to attorneys for plaintiffs in those spent nuclear fuel cases in which the Court has entered a protective order, attorneys for the United States, persons regularly employed in such attorneys' offices, or, subject to the provisions of Paragraph 5 below, other persons as reasonably necessary for the litigation of this action. Nothing contained in this agreement and protective order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Material consistent with this agreement and protective order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

5. With the exception of attorneys for plaintiffs in the spent nuclear fuel cases in which the Court has entered a protective order, attorneys for the United States, and persons regularly employed in such attorneys' offices, any person to whom Confidential Material is to be disclosed by the receiving party shall first be advised by an attorney for the receiving party or parties that pursuant to this agreement and protective order such person may not divulge any such Confidential Material to any other person not authorized under Paragraph 4 above to have access to such Confidential Material. The attorney shall secure from each person a declaration in the form attached hereto, stating that such person has read this agreement and protective order and agrees to be bound by it. Such declaration shall be maintained in the possession of the attorney securing the declaration until further order of the Court.

6. Subject to order of the Court, that portion of any pleading, motion, deposition transcript or other document submitted or presented to or filed with the Court containing Confidential Material shall be placed under seal and shall not be available to persons other than the Court and authorized employees of the Court, the attorneys of record for the parties to this spent nuclear fuel case, and persons authorized by this agreement and protective order. In the event that any Confidential Material is used in any deposition or Court proceeding herein, the parties shall attempt to further stipulate as to the procedures for use of Confidential Material in such proceedings. If necessary, any dispute regarding the procedures for use of Confidential Material in deposition or Court proceedings shall be submitted to the Court for resolution.

7. Nothing in the foregoing provisions of this agreement and protective order shall be deemed to preclude plaintiffs, the United States, or third parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this agreement and protective order.

8. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as containing protected information, and thereafter the designated document shall be treated in accordance with this agreement and protective order or returned to the producing party if the material is identified as privileged.

9. In order to facilitate timely and cost-effective production of a large number of documents that may contain protected information, but that have not yet been individually reviewed, the producing party may elect to designate an entire production of documents, or any specified subsection thereof, as Confidential Material with the understanding that if, upon review, the party seeking discovery believes such designation is unwarranted for a particular document or category of documents, that party may bring the document or category of documents to the producing party's attention for a review of whether the producing party seeks to maintain the confidential designation or remove it, pursuant to the procedure set forth in Paragraph 10. If a party elects to produce documents pursuant to this paragraph, it will inform the party seeking discovery of this election, and any documents so produced shall be treated as Confidential Material subject to the protection of this agreement and protective order unless and until such time as the designation is removed by waiver, agreement or order of the Court.

10. Any Confidential Material designation is subject to challenge by either party. The following procedure shall apply to any such challenge.

   (a) Objection to Confidentiality. A party may serve upon the designating party an objection to the designation of any document or category of documents, or other discovery material designated as Confidential Material. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. Documents to which an objection has been made shall remain subject to this agreement and protective order until the designation is removed by waiver, agreement or order of the Court.

   (b) Obligation to Meet and Confer. The objecting party and the party which designated the document for which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the designation of any Confidential Material subject to the objection, the designating party shall serve a notice specifying the document(s) and the nature of the agreement.

   (c) Obligation to File Motion. If the parties cannot reach agreement as to any documents designated Confidential Material, the designating party shall file within thirty (30) days of the service of the objection a motion to retain the confidential designation. The party designating the document as Confidential Material shall have the burden to show good cause to designate the document as such and that it properly is subject to treatment under this agreement and protective order.

11. Within ninety (90) days after the conclusion of this litigation, including related cases brought by Yankee Atomic Electric Company or Connecticut Yankee Atomic Power Company, the parties shall undertake reasonable and prudent efforts to return all original Confidential Material to the disclosing party and to destroy all copies of and all notes, summaries, and references relating to such Confidential Material and, further, the parties shall certify to the Court that such reasonable and prudent efforts have been undertaken; EXCEPT THAT each party may maintain one copy of any Confidential Material in its master file for this

case, including one copy of any notes or summaries relating to such Confidential Material, provided that any copies of any Confidential Material or notes or summaries relating to such Confidential Material are clearly stamped with the legend identified in paragraph 2 of this agreement and protective order or a similar legend indicating that the materials are subject to this agreement and protective order.

12. For information sought that is or may be covered by the Privacy Act, defendant, in response to any discovery properly propounded pursuant to the Rules of the United States Court of Federal Claims, is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11), to release to opposing counsel in these cases records which are relevant to this action, and which may be subject to the Privacy Act, without obtaining prior written consent of the individual to whom such records pertain. Such disclosures shall be deemed authorized by law.

13. Pursuant to the agreement of the parties and the authority granted this court under Fed. R. Evid. 502(d), it is hereby ordered that a party's disclosure, in connection with this litigation, of any communication or information covered by the attorney-client privilege or entitled to work-product protection shall not constitute a waiver of such privilege or protection either in this litigation or in any other federal or state proceeding.

**IT IS SO ORDERED.**

_____
Nancy Firestone
Senior Judge

# In the United States Court of Federal Claims

No. 17-676

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY, | ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) |

## **DECLARATION**

**DECLARATION OF**_____

1. My name is _____.

2. My business address is _____.

3. My present employer is _____.

4. My present occupation or job description is _____.

5. I have received a copy of the Agreement and Protective Order entered by the Court in connection with the above-captioned matter.

6  I have carefully read and understand the provisions of the Agreement and Protective Order.

7. I certify that I am eligible to have access to the Confidential Material under paragraph 4 of the Agreement and Protective Order.

8. I will comply with all of the provisions of the Agreement and Protective Order.

9. I will hold all Confidential Material and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such information to anyone not specifically entitled to access under the Agreement and Protective Order, and will use the information solely for purposes of this litigation, except as provided by the Agreement and Protective Order.

10 At the conclusion of this litigation, I will return all originals of all Confidential Materials and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.

Further declarant sayeth naught.

_____
(signature)

DATED:_____