IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY,<br><br>             Plaintiff,<br><br>    v.<br><br>THE UNITED STATES,<br><br>             Defendant. | )<br>)<br>)<br>)   No. 17-676C<br>)   (Senior Judge Firestone)<br>)<br>)<br>)<br>) |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff, Yankee Atomic Electric Company ("Yankee Atomic"), and defendant, the United States, file this Joint Preliminary Status Report.  This action is based upon a Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste (the "Contract" or "Standard Contract"), between Yankee Atomic, and the United States, acting through the Department of Energy ("DOE"), the material terms of which are published at 10 C.F.R. § 961.11.  This is the fourth suit Yankee Atomic has filed against the United States seeking damages for DOE's continuing breach of its obligation to accept and permanently dispose of Yankee Atomic's spent nuclear fuel and high-level nuclear waste (collectively, "SNF").  *See Ind. Mich. Power Co. v. United States*, 422 F.3d 1369, 1376-78 (Fed. Cir. 2005) (hereinafter "*Indiana Michigan*") (holding that utilities should file successive partial breach actions to obtain damages incurred through the time of trial in each successive suit).  The first suit addressed damages incurred by Yankee Atomic as a result of DOE's breach through December 31, 2001 (*Yankee Atomic Elec. Co. v. United States*, No. 98-126C (Fed. Cl.) (Merow, S.J.) ("Phase I"); the second suit addressed damages for the period January 1, 2002 through December 31, 2008 (*Yankee Atomic Elec. Co. v. United States*, No. 07-876 (Fed. Cl.) (Merow,

S.J.) ("Phase II"); and the third suit addressed damages for the period January 1, 2009 through December 31, 2012 (*Yankee Atomic Elec. Co. v. United States*, No. 13-584 (Fed. Cl.) (Merow, S.J.) ("Phase III"). This fourth suit addresses Yankee Atomic's damages for the period January 1, 2013 through at least December 31, 2016 ("Phase IV"). The parties state as follows:

1. **Requirements of Appendix A, Paragraph 4**

    **(a) Does the court have jurisdiction over the action?**

    Yes. Defendant states that it has not identified any basis at this time upon which to question the Court's jurisdiction to entertain this action.

    **(b) Should the case be consolidated with any other case and, if so, why?**

    In view of the consolidation of the Phase I, II and III cases involving the three Yankee utilities for trial, the parties believe that Yankee Atomic's Phase IV case should be consolidated for trial with the Phase IV cases brought by Connecticut Yankee Atomic Power Company (No. 17-673) and Maine Yankee Atomic Power Company (No. 17-674).

    **(c) Should trial of liability and damages be bifurcated and, if so, why?**

    No. Breach of Plaintiff's contract by DOE has been established by this Court, *Yankee Atomic Electric Energy Co. v. United States*, 42 Fed. Cl. 223 (1998), and affirmed by the Federal Circuit, *Maine Yankee Atomic Power Co. v. United States,* 225 F.3d 1336 (Fed. Cir. 2000). Accordingly, only the amount of damages owed to Plaintiff as a result of that breach is at issue in this Phase IV proceeding.

    **(d) Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?**

    No.

    **(e) In cases other than tax refund actions, will a remand or suspension be sought**

**and, if so, why and for how long?**

Plaintiff does not intend to seek a remand or suspension. Defendant states that it does not seek a remand of this case at this time.

**(f) Will additional parties be joined? If so, the parties shall provide a statement describing such parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder.**

Plaintiff does not intend to effect joinder of other parties to this case. Defendant states that, at the present time, it has not identified any need to join other parties to this case.

**(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?**

The parties currently have no intention to file a motion pursuant to any of the above-listed rules, but reserve the right to file such motions in the future.

**(h) What are the relevant factual and legal issues?**

<u>Plaintiff's view:</u>

The legal and factual findings from the three prior rounds of litigation leave very few issues to be resolved in this Phase IV proceeding. *See generally Yankee Atomic Electric Energy Co.*, 42 Fed. Cl. 223; *Maine Yankee Atomic Power Co.,* 225 F.3d 1336; *Yankee Atomic Elec. Co. v. United States*, 73 Fed. Cl. 249 (2006); *Yankee Atomic Elec. Co. v. United States*, 536 F.3d 1268 (Fed. Cir. 2008); *Yankee Atomic Power Co. v. United States*, 94 Fed. Cl. 678 (2010); *Yankee Atomic Elec. Co. v. United States*, 113 Fed. Cl. 323 (2013); *Yankee Atomic Elec. Co. v. United States*, 125 Fed. Cl. 641 (2016).

Yankee Atomic's sole electricity generating facility was a nuclear power plant located in Rowe, Massachusetts. That plant has been permanently shut-down and decommissioned for several years. Yankee Atomic's Independent Spent Fuel Storage Installation ("ISFSI"), the SNF it stores, and certain buildings related to SNF storage are all that presently remain at the Rowe site.

In the Phase I litigation, the Court determined that had DOE performed under the Standard Contact, Yankee Atomic's SNF would have been removed from the Rowe site by the end of 1999. *See Yankee Atomic Elec. Power Co.*, 94 Fed. Cl. at 692-93, *aff'd in relevant part*, 679 F.3d at 1360. In the Phase III litigation, the Court further determined that had DOE performed, Yankee Atomic would have fully wound down and been out of business by the end of 2010. *See Yankee Atomic*, 125 Fed. Cl. at 647. Accordingly, had DOE performed, Yankee Atomic would not have incurred costs of any kind during the Phase IV period.

However, as a result of DOE's continuing breach, Yankee Atomic remained in business and continued to incur operating expenses during the Phase IV period in order to store and safeguard the SNF that remains on its property. This Phase IV proceeding will address the significant additional costs Yankee Atomic incurred from January 1, 2013 through at least December 31, 2016 for its continued corporate existence and extended storage of its SNF, including without limitation, costs associated with labor, staff augmentation and other contracted work, insurance, materials and supplies, security and surveillance, utilities, regulatory oversight, fees, taxes, and other costs.

**Defendant's view**:

While we agree that court decisions resulting from prior rounds of litigation in these SNF cases have likely limited the issues that remain to be decided, here, Plaintiff must prove that the

costs and expenses claimed during the Phase IV claim period are recoverable.  Therefore, the relevant legal and factual issues in this case may include, but may not be limited to:

1. The basis and scope of any damages owed by the Government for any partial breach of the Standard Contract; and

2. Whether Plaintiff has satisfied its burden of proof and persuasion as required by *Yankee Atomic Electric Co. v. United States,* 536 F.3d 1286 (Fed. Cir. 2008); *Southern Nuclear Operating Co. v. United States,* 637 F.3d 1297 (Fed. Cir. 2011); and *Energy Northwest v. United States,* 641 F.3d 1300 (Fed. Cir. 2011).

We must evaluate the claimed costs and preliminary supporting information produced by plaintiff on August 23, 2017 to determine which claimed costs are disputed.

 **(i) What is the likelihood of settlement?  Is alternative dispute resolution contemplated?**

The parties have engaged in good faith efforts to try to settle Plaintiff's claims arising from DOE's breach of the Standard Contract at multiple points during the three prior litigation phases.  Those efforts were unsuccessful.  More recently, the parties engaged in discussions to attempt to resolve current and future claims arising from the Standard Contract prior to Plaintiff's filing of its Phase IV complaint.  Those discussions also failed to result in settlement.

The parties, however, have not foreclosed reasonable settlement of this lawsuit.  The parties, in fact, already have taken steps to determine whether early resolution of this case is possible. On August 23, 2017, following the Court's entry of a protective order, Plaintiff provided the Government its complete statement of costs incurred as a result of DOE's breach for the period January 1, 2013 through December 31, 2016 ("Phase IV Claimed Cost Submittal").  The Phase IV Claimed Cost Submittal is a multi-tab Excel spreadsheet which (1)

summarizes Plaintiff's damages on a yearly basis, and by category of costs; and (2) provides detail listing all claimed cost items on a transactional-level basis with reference to the specific vendor, invoice, purchase order and/or contract associated with each cost item. The Phase IV Claimed Cost Submittal was prepared using the same accounting system and methodologies that Plaintiff used to prepare its cost submittals in the three prior litigation phases. Contemporaneous with its submission of the Phase IV Claimed Cost Submittal, Plaintiff also produced copies of its invoices and internal payroll information for years 2013 through 2016.

The parties propose that the Government review and audit the documentation Plaintiff provided in support of its Phase IV claim. During this period, Plaintiff will make the persons who prepared the Phase IV Claimed Cost Submittal available to the Government to provide information and explanations required for verification of the claimed cost items. In the prior litigation phases, a similar audit process was useful in narrowing the issues in dispute and focusing discovery efforts. The parties expect the Phase IV audit will serve a similar function, as well as help determine whether the case can be resolved without trial. During this period, the parties will concurrently conduct discovery including, but not limited to, depositions and other requests for the production of documents.

**(j) Do the parties anticipate proceeding to trial?  Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?  A request for expedited trial scheduling is generally appropriate when the parties anticipate that discovery, if any, can be completed within a 90-day period, the case can be tried within 3 days, no dispositive motion is anticipated, and a bench ruling is sought.  The requested place of trial shall be stated.  Before such a request is made, the parties shall confer specifically on this subject.**

The parties anticipate proceeding to trial in Washington, D.C. The parties do not request

an expedited trial at this time.

**(k) Are there special issues regarding electronic case management needs?**

No.

**(l) Is there other information of which the court should be aware at this time**?

No.

1. **Appendix A, Paragraph 5:  Discovery Plan**

    The parties propose the following schedule:

| | |
|---|---|
| Already Complete (August 23, 2017) | Plaintiff to provide statement of costs incurred as a result of DOE's breach for the period January 1, 2013 through December 31, 2016, and supporting documentation |
| February 28, 2018 | Plaintiff to provide RCFC 26(a)(2)(B) and (C) reports and disclosures, if any |
| March 30, 2018 | Defendant to provide RCFC 26(a)(2)(B) and (C) reports and disclosures, if any<br><br>Close of fact discovery<br><br>Deadline for Government to complete its review and audit concerning costs incurred by Plaintiff as disclosed on August 23, 2017 |
| April 30, 2018 | Plaintiff to provide RCFC 26(a)(2)(B) and (C) rebuttal reports and disclosures, if any |
| May 15, 2018 | Close of expert discovery |

Respectfully submitted,

| | |
|---|---|
| /s/ Robert H. Stier, Jr. | CHAD A. READLER |
| ROBERT H. STIER, JR. | Acting Assistant Attorney General |
| PIERCE ATWOOD LLP | |
| 254 Commercial Street | |
| Portland, ME  04101 | ROBERT E. KIRSCHMAN, JR. |
| rstier@pierceatwood.com | Director |
| Telephone:  (207) 791-1100 | |
| Facsimile:  (207) 791-1350 | |
| | /s Lisa L. Donahue |
| Of  Counsel: | LISA L. DONAHUE |
| | Assistant Director |
| LUCUS A. RITCHIE | |
| lritchie@pierceatwood.com | /s Margaret J. Jantzen |
| PIERCE ATWOOD LLP | MARGARET J. JANTZEN |
| | Trial Attorney |
| MICHAEL J. DERDERIAN | U.S. Department of Justice |
| mderderian@pierceatwood.com | Civil Division |
| PIERCE ATWOOD LLP | Commercial Litigation Branch |
| | P.O. Box 480, Ben Franklin Station |
| *Attorneys for Plaintiff* | Washington, DC 20044 |
| | Tel: (202) 353-7994 |
| DATED: September 11, 2017 | Margaret.j.jantzen@usdoj.gov |
| | |
| | *Attorneys for Defendant* |

CERTIFICATE OF FILING

      I certify that on this 11th day of September, 2017, a copy of the foregoing JOINT PRELIMINARY STATUS REPORT was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                            /s/ Robert H. Stier, Jr.